UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BROCK,<br><br>            Petitioner,<br><br>    v.<br><br>J. GASTELO,<br><br>            Respondent. | ) Case No. EDCV 17-800 BRO(JC)<br>)<br>)<br>) ORDER DENYING PETITION FOR<br>) WRIT OF HABEAS CORPUS AND<br>) DISMISSING ACTION WITHOUT<br>) PREJUDICE<br>)<br>)<br>) |

**I.  SUMMARY**

On April 25, 2017, petitioner Michael Brock ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus (the "Current Federal Petition") and an Election Regarding Consent to Proceed Before a United States Magistrate Judge which reflects that he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.[1]  The Current Federal Petition challenges a state judgment

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).  Here, petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge.  Respondent has not yet been served and therefore is not yet a party to this action.  See, e.g., Travelers Cas. & Sur. Co. of Am. v.

(continued...)

entered in 2000 following petitioner's guilty plea in Barstow, California, in San Bernardino County Superior Court Case No. FBA04003 (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[2]

///
///
///
///
///
///
///

---

[1](...continued)
Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks and citation omitted). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

[2]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

1  II.     **PROCEDURAL HISTORY**[3]

2      A.     **State Conviction, Direct Appeal, and State Habeas Petitions**

On or about July 10, 2000, petitioner pleaded guilty to one count of first degree murder. The San Bernardino County Superior Court sentenced petitioner to 25 years to life in state prison in accordance with the plea agreement. Petitioner had faced a potential sentence of life without the possibility of parole.

On February 14, 2002, the Court of Appeal affirmed the judgment on direct appeal in a reasoned decision. Petitioner did not petition the California Supreme Court for review of the Court of Appeal's decision.

Petitioner thereafter sought, and was denied habeas relief in the San Bernardino County Superior Court, the California Court of Appeal, and the California Supreme Court.

   B.    **First Federal Action/First Ninth Circuit Action/Supreme Court Action**

On November 12, 2009, in the First Federal Action, petitioner formally filed the First Federal Petition in which he challenged the judgment in the State Case on multiple grounds. On April 9, 2014, judgment was entered dismissing the First Federal Petition with prejudice as untimely.

///

---

[3]The facts and procedural history set forth in this section are derived from court records in the Central District of California (CDCA), the Ninth Circuit, and the United States Supreme Court ("U.S. Supreme Court" or "USSC") in the following cases of which this Court takes judicial notice: (1) Michael Brock v. Larry Small, CDCA Case No. EDCV 09-2107 BRO(JC) ("First Federal Petition" or "First Federal Action"); (2) Michael Brock v. Larry Small, Ninth Circuit Case No. 14-55903 ("First Ninth Circuit Action"); (3) Michael Brock v. Larry Small, USSC No. 15M33 ("Supreme Court Action"); (4) Michael Brock v. W.L. Montgomery, CDCA Case No. EDCV 14-1218 BRO(JC) ("Second Federal Petition" or "Second Federal Action"); and (5) Michael Brock v. W.L. Montgomery, Ninth Circuit Case No. 14-72466 ("Second Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

3

On February 6, 2015, the Ninth Circuit denied petitioner's request for a certificate of appealability in the First Ninth Circuit Action. On March 15, 2015, the Ninth Circuit denied petitioner's motions for reconsideration.

On October 13, 2015, the U.S. Supreme Court denied petitioner's motion to file a petition for writ of certiorari out of time in the Supreme Court Action.

### C. Second Federal Petition/Second Ninth Circuit Action

On June 13, 2014, petitioner filed the Second Federal Petition in the Second Federal Action, again challenging the judgment in the State Case. On June 23, 2014, the assigned United States District Judge denied the Second Federal Petition and dismissed the Second Federal Action without prejudice for lack of jurisdiction and referred the Second Federal Petition to the Ninth Circuit for consideration as an application to file a second or successive petition. Judgment was entered accordingly on the same date.

On February 2, 2015, in the Second Ninth Circuit Action, the Ninth Circuit denied petitioner's application to file a second or successive habeas corpus petition.

### D. Current Federal Petition

As noted above, on April 25, 2017, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549

---

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition

on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

Petitioner's First Federal Petition was denied as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.  ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.

DATED: April 27, 2017

                                         /s/
                               _____
                               Honorable Jacqueline Chooljian
                               UNITED STATES MAGISTRATE JUDGE